ELLEN C. WHITE *vs.* CHARLES P. WHITE.

MARCH 26, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J.   This is a petition for divorce which was denied by a justice of the superior court after a hearing on its merits. To that decision the petitioner duly prosecuted her bill of exceptions to this court and such bill is now before us for determination.

The petition, which was dated March 5, 1942, was based on two grounds, extreme cruelty and neglect to provide for the statutory period. The petitioner does not question that it is well settled that the findings of a trial justice in a case of this kind, based on conflicting evidence, should not be reversed by this court unless the party prosecuting the exceptions sustains the burden of showing that such findings were clearly wrong and that the decision excepted to failed to do justice between the parties. *Tremblay* v. *Tremblay*, 59 R. I. 401. In the instant case the petitioner admits that on the issue of extreme cruelty the evidence was conflicting, and she has not in argument before us or in her brief seriously urged that the decision of the trial justice on that issue was clearly wrong. She does, however, strongly contend that in passing upon the ground of neglect to provide he misconceived the evidence, particularly the effect of two items thereof; that his decision on that issue should not be accorded the weight and persuasive force to which it would ordinarily be entitled; and that he was in error in deciding the case in favor of the respondent.

The evidence shows that the parties were married September 4, 1937 and have one child now three years of age. This is the respondent's second marriage. He is a traveling photographer conducting his business from September to the following March in Providence and from March to September in summer resorts and other localities chiefly in Maine and New Hampshire. It would appear that he uses a pony in connection with his work and takes pictures mainly of children. He was been engaged in this business for some years.

It further appears from the evidence that after their marriage the parties went to live with the petitioner's parents in the latter's apartment. Her uncle also lived there. After a time her uncle and her mother both died; however, the parties continued to live in the same place with her father, who was elderly but who had employment on occasions. The petitioner was working at the time of her marriage and continued to do so during her married life except for a period of about one and one half years, during which time she had her child and also attended her mother during the latter's last illness.

The petitioner testified that she worked in order to support herself and her child. In regard to the year immediately prior to the filing of the present petition she testified in general that the respondent gave her no money at all for her support during that time. She admitted that he sent her $200 in the early summer of 1941 while he was in Maine and that this sum was deposited in a savings bank in Providence in an account which had stood in both their names since 1938. She retained the bankbook in her possession. This incident, however, is one of the particular items of evidence which the petitioner contends the trial justice misconceived when he stated, in substance, in his decision that she could have made use of this money if she had needed it for her support but that she did not do so.

She contends that this money was sent to her to hold for a special purpose only, namely, for the purchase of a piece

of land on which a home was to be built later. But in respect to this $200 the respondent testified that, while it was saved from his earnings with that general purpose in view, the petitioner nevertheless had the bankbook and was entitled to draw on it if she needed it for her support. Upon this conflicting evidence the trial justice believed the respondent's explanation. After consideration of all the facts pertaining to the above issue, we cannot say that the trial justice misconceived the effect of the evidence in question and that his decision of the case was for that reason erroneous.

The other piece of evidence which the petitioner argues the trial justice misconceived or did not consider is a statement in a letter written to her by the respondent just prior to the filing of the present divorce petition. This letter is an exhibit in the case and contains the following sentence: "I am now and have always been willing to support you and the baby, but I was never given the chance to do so." This the petitioner contends is in the nature of an admission by the respondent of the allegation in the petition that he had neglected to provide for her for one year next before the filing thereof. The respondent explained that his reference to "support" in the quoted sentence meant "in our own home." In our judgment an examination of the entire letter tends to confirm the respondent's explanation of the matter. The sentence immediately before the one in question is: "I told you time and time again that it is about time we had a little home of our own." The sentence immediately following the alleged admission reads as follows: "If you and the baby are willing to live in a house with me, let me know at once and I will hire one so that our little family once again be a happy union."

We find nothing in the decision of the trial justice to indicate that he misconceived the above evidence. While he did not specifically refer to the letter he discussed at some length its subject matter and the merit of the respondent's request for a separate home for the parties, it having appeared in evidence that the respondent had often complained to his

wife concerning certain conduct of her father in the apartment where they were living.

Furthermore, the respondent denied that he had done nothing whatever for the support of his wife during the year next before the filing of the instant petition. The evidence tended strongly to show that his earnings for the above period were less than $1500. He testified, in substance, that in addition to the $200 above referred to, although he made no stated payments to her either as to time or amounts, he did send her during the summer of 1941 small sums through the mail as he was able and occasionally larger sums by telegraph. Also during that time she made several trips to Maine to visit him week ends for which trips he paid all the expenses. On one of these occasions he bought her two dresses. In addition he testified that when he was in Providence they ordinarily went shopping together on Saturday evenings and both purchased food for their use. Further, he stated that he had given her money for the purchase of hats, shoes and other articles of clothing.

The evidence in the case, therefore, was sharply conflicting on the issue of neglect to provide according to the respondent's ability. The trial justice in making his decision referred specifically to the matters above set out, as well as to the item of $200 and the subject matter of the aforesaid letter. After so doing he came to the conclusion that the petitioner had not proved the allegations of her petition by a fair preponderance of the evidence, as was her burden. In reaching that conclusion he passed upon the weight of the evidence and the credibility of the witnesses, whom he saw and heard testify. After an examination of all the evidence we cannot say that his decision was clearly wrong.

The petitioner's exception is overruled and the case is remitted to the superior court.

*Flynn & Leighton,* for petitioner.

*Kirshenbaum & Kirshenbaum, Isidore Kirshenbaum,* for respondent.